# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEPHEN D. COMSTOCK,

    *Petitioner*,

vs.

STEFANIE HUMPHRIES, *et al.*,

    *Respondents*.

3:10-cv-00147-LRH-WGC

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court following upon a notice (#25) by petitioner regarding the completion of additional state court proceedings.

    It appears that the additional state court proceedings potentially: (a) may moot or alter exhaustion defenses raised by respondents previously in the answer; and/or (b) may give rise to other procedural defenses in lieu of or in addition to exhaustion defenses raised previously.  The Court will allow respondents an opportunity to file a supplemental response, in the form of a motion to dismiss, modifying any prior procedural defenses raised and/or raising any new defenses.  The Court will do so with the proviso that any defenses that are not asserted therein shall be deemed to be waived, subject to the provisions of 28 U.S.C. 2254(b)(3) regarding waiver of the exhaustion requirement.  All merits issues will remain submitted on the prior answer and reply, subject to any procedural defenses raised.

    For future reference, respondents should note that it was not the intent of the type of scheduling order previously entered in this case to permit exhaustion defenses to be embedded within the answer on the merits.  Rather, the intent of the scheduling order was that any exhaustion defense and any alternative response under § 2254(b)(2) as to patently meritless claims be presented in a *single, consolidated motion to dismiss* together with any and all other procedural defenses.  As construed by

the Ninth Circuit, a federal district court does not have unfettered discretion pursuant to § 2254(b)(2) to either address the exhaustion defense or instead simply rule on the merits. Instead, the district court can dismiss an unexhausted claim on the merits "only when it is perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). If the claim is not subject to dismissal under this standard of near frivolity, the district court may not consider the merits of the claim if the petitioner has failed to exhaust state remedies, and the court instead must follow the *Rose* choice procedures. *Id.*

The Court's intent in the scheduling order accordingly was to have any procedural defenses, including the exhaustion defense, raised in a single motion to dismiss, not embedded in an answer on the merits. The Court has revised the language used in future similar scheduling orders to make this point more clearly. In the isolated case where the Court instead finds in screening review that it may be more efficient to address all procedural defenses and merits defenses in a single consolidated answer, it will so indicate in the scheduling order.

IT THEREFORE IS ORDERED that, within **thirty (30) days** of entry of this order, respondents shall file a supplemental response consisting of a motion to dismiss raising any and all procedural defenses that are pertinent following upon the state court proceedings completed since the time of the answer and reply, <u>including any procedural defenses raised previously that remain pertinent</u>. Any procedural defenses omitted from the motion to dismiss will be deemed waived, subject to the provisions of 28 U.S.C. 2254(b)(3) regarding waiver of the exhaustion requirement.

IT FURTHER IS ORDERED that the briefing schedule on the motion to dismiss will be as per the standard schedule established by the local rules.

**Given the age of the case, no extensions of time will be granted except for extraordinary circumstances. Extensions based upon scheduling conflicts with other cases in this District should be sought in the later-filed case.**

DATED this 28th day of January, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE