# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEPHEN D. COMSTOCK,

    *Petitioner*,

vs.

STEFANIE HUMPHRIES, *et al.*,

    *Respondents*.

3:10-cv-00147-LRH-WGC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion (#28) to dismiss and petitioner's motion (#26) for expedited review on the merits. Respondents seek the dismissal of Grounds 2, 3(b) and 3(d) as procedurally defaulted.

*Background*

Petitioner Stephen Comstock challenges his 2004 Nevada state conviction, pursuant to a jury verdict, of possession of stolen property and his adjudication as a habitual criminal.

Prior to the filing of the present federal habeas action, petitioner challenged his conviction in the state courts on direct appeal and in a state post-conviction petition. In the answer in this action, respondents challenged the exhaustion of Grounds 2, 3(b) and 3(d) but also responded to the merits on all claims. Petitioner maintained in the reply that the grounds were not subject to dismissal for lack of exhaustion, but he also pursued a second state post-conviction during the pendency of this action. After the completion of the second state post-conviction proceedings, this Court directed respondents to file a supplemental response taking into account the intervening state proceedings. The present motion to dismiss followed.

## *Governing Law*

Under the procedural default doctrine, federal review of a habeas claim may be barred if the state courts rejected the claim on an independent and adequate state law ground due to a procedural default by the petitioner. Review of a defaulted claim will be barred even if the state court also rejected the claim on the merits in the same decision. Federal habeas review will be barred on claims rejected on an independent and adequate state law ground unless the petitioner can demonstrate either: (a) cause for the procedural default and actual prejudice from the alleged violation of federal law; or (b) that a fundamental miscarriage of justice will result in the absence of review. *See, e.g.,Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003).

To demonstrate cause, the petitioner must establish that some external and objective factor impeded efforts to comply with the state's procedural rule. *E.g., Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Hivala v. Wood*, 195 F.3d 1098, 1105 (9th Cir. 1999). To demonstrate prejudice, he must show that the alleged error resulted in actual harm. *E.g., Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998). Both cause and prejudice must be established. *Murray*, 477 U.S. at 494.

A petitioner who cannot show cause and prejudice still may obtain review of his defaulted claims if he can demonstrate that the failure to consider the claims would result in a fundamental miscarriage of justice. In noncapital cases, however, this exception has been recognized only for petitioners who can demonstrate actual innocence. *E.g., Poland v. Stewart*, 117 F.3d 1094, 1106 (9th Cir. 1997). In order to satisfy this actual innocence gateway, a petitioner must come forward with new reliable evidence that was not presented at the trial that, together with the evidence adduced at trial, demonstrates that it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. *See, e.g., Schlup v. Delo*, 513 U.S. 298 (1995). The evidence need not be newly discovered, but it must be "newly presented." *See Griffin v. Johnson*, 350 F.3d 956, 961-63 (9th Cir. 2003). In this regard, "actual innocence" means actual factual innocence, not mere legal insufficiency. *See, e.g., Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). The reviewing court "must assess the probative force of the newly presented evidence in connection with the evidence of guilt adduced at trial," and it "may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." *Schlup*, 513 U.S. at 332.

*Discussion*

*Waiver*

Petitioner contends that respondents waived all procedural defenses because they did not assert any defenses, including in particular the exhaustion defense, in a separate motion to dismiss as ostensibly required by the Court's scheduling order (#21). Petitioner maintains that the alleged failure to properly present and preserve the exhaustion issue leads to a failure to preserve the procedural default defense "arising from [the] alleged failure to exhaust [the] claims." He contends that a waiver of all defenses, including exhaustion, is appropriate notwithstanding the express waiver requirement of 28 U.S.C. § 2254(b)(3) regarding exhaustion. He contends that a waiver is appropriate notwithstanding § 2254(b)(3) whenever (a) the respondents are plainly aware of potential procedural issues involving the claim; but (b) nonetheless choose to answer on the merits.

Respondents did not waive any procedural defenses based upon a violation of the Court's scheduling order. It indeed was the Court's underlying intent in the language used that respondents would assert all procedural defenses, including exhaustion, in a single motion to dismiss rather than including defenses with an answer on the merits. However, the language used in the order stated that respondents "shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to unexhausted claims clearly lacking merit." #21, at 1-2. The Court's intent in that language was for respondents to present any exhaustion defense in a motion to dismiss and not combine any merits argument with that defense – in the motion to dismiss -- except under § 2254(b)(2). Respondents, however, both in this case and many others, instead read the language to authorize if not require the assertion of the exhaustion defense in the answer along with a merits argument under § 2254(b)(2). The Court since has clarified the language to make its actual intent more explicit.[1] Even if the Court were to assume, *arguendo*, that an

---

[1]The Court now uses the following language:

> . . . . Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If

(continued...)

exhaustion defense in particular can be subject to implicit waiver in this manner, it will not hold a failure to proceed as the Court intended against respondents when the Court's language expressing that intent could have done so with more clarity.[2]

Moreover, petitioner's underlying concept of a derivative waiver – in which a purported waiver of the exhaustion defense results in the waiver of a procedural default defense "arising out of" the exhaustion defense – is cut from whole cloth. Petitioner cites no apposite authority supporting such a concept of derivative waiver in this context. A procedural default defense based upon the state court's actual application of the state procedural bars simply was not available at the time of the response filed

---

[1](...continued)
respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss **not** in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

Part of the divergence in understanding of the operation of the prior language perhaps is due to respondents not fully taking into account the extremely limited circumstances under which a district court can deny an unexhausted claim on the merits under § 2254(b)(2). As the Court explained in the prior order in this case:

> For future reference, respondents should note that it was not the intent of the type of scheduling order previously entered in this case to permit exhaustion defenses to be embedded within the answer on the merits. Rather, the intent of the scheduling order was that any exhaustion defense and any alternative response under § 2254(b)(2) as to patently meritless claims be presented in a *single, consolidated motion to dismiss* together with any and all other procedural defenses. As construed by the Ninth Circuit, a federal district court does not have unfettered discretion pursuant to § 2254(b)(2) to either address the exhaustion defense or instead simply rule on the merits. Instead, the district court can dismiss an unexhausted claim on the merits "only when it is perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). If the claim is not subject to dismissal under this standard of near frivolity, the district court may not consider the merits of the claim if the petitioner has failed to exhaust state remedies, and the court instead must follow the *Rose* choice procedures. *Id.*

#27, at 1-2 (emphasis in original).

[2]It remains established law that procedural defenses omitted from a motion to dismiss following an order of this nature are subject to waiver. *See, e.g. Morrison v. Mahoney,* 399 F.3d 1042, 1046 (9th Cir. 2005)("*Unless a court has ordered otherwise*, separate motions to dismiss may be filed asserting different affirmative defenses.")(emphasis added).

initially by respondents. Even if the Court were to assume, *arguendo*, that an exhaustion defense on a claim previously had been waived, that would not lead to a waiver of a procedural default defense on the claim premised upon subsequent action in the state courts.[3]

Finally, petitioner's waiver argument is wholly at odds with § 2254(b)(3). Under that Congressional directive, "[a] State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." A waiver premised upon respondents allegedly being "plainly aware" of an exhaustion defense but instead answering on the merits is nothing more than an implied waiver. When Congress uses the words "expressly waives" Congress clearly does not mean "impliedly waives." Nor does "expressly waives" necessarily encompass a failure to comply with a scheduling order, particularly where the language of the order was subject to differing constructions. Indeed, in the present case, respondents clearly *raised* the exhaustion defense, albeit in conjunction with an answer on the merits. It would be perverse ruling indeed to hold that respondents had "expressly waived" a defense that they instead clearly had raised in their initial response. This Court will make no such holding.[4]

Neither the exhaustion defense nor the procedural default defense raised herein was or has been waived.

*Prior Exhaustion and Adjudication*

Petitioner next contends that Grounds 3(b) and 3(d) were exhausted in the first state post-conviction appeal and thus are not barred by the later application of a state procedural bar to the alleged reassertion of the claims in the second state petition. He urges, *inter alia*, that his *pro se* efforts to raise the claims on the state post-conviction appeal, when his counsel would not, exhausted the claims.

---

[3]Of course, as discussed further, *infra*, if a claim actually had been expressly or impliedly adjudicated on the merits in earlier state court proceedings, then a subsequent application of a state procedural bar to the reassertion of the same claim in a later state petition would not preclude federal review of the claim on the merits.

[4]The Court leaves for another day the question of whether respondents can waive an exhaustion defense, as opposed to other affirmative defenses, by failing to comply with the scheduling order language referenced herein as revised. Ultimately, with respect to at least this defense, future compliance with the order may have to be secured, if necessary, through other means. Because of the additional delays that result from embedding exhaustion defenses within an answer, the Court will pursue such measures as are necessary to end the practice, except in cases where consolidation of procedural defenses and merits argument is permitted under the scheduling order entered for the particular case.

1    In Ground 3(b), petitioner alleges in principal part that he was denied effective assistance of
2 counsel when trial and appellate counsel failed to challenge the sufficiency of the evidence. In Ground
3 3(d), petitioner alleges in principal part that he was denied effective assistance of counsel when trial
4 counsel failed to investigate the value of the allegedly stolen ring in order to challenge whether it was
5 valued at more than the $250.00 threshold value required for the offense.

6    Petitioner states initially that these grounds were "listed (but not discussed)" in the fast track
7 statement filed by state post-conviction appeal counsel. Plainly, no such claims were *raised* in the fast
8 track statement on the state post-conviction appeal. The statement included the following:

> Statement of facts. In his post-conviction habeas petition, Comstock raised 10 claims for relief: (1) trial counsel was ineffective for not investigating properly; . . . (5) trial counsel's failure to file a motion for judgment of acquittal based on insufficient evidence; . . . (8) appellate counsel's failure to argue the insufficiency of the evidence on direct appeal; . . .; and (10) appellate counsel's failure to argue on appeal that the district court erred in denying a pretrial motion to suppress his statements. In the supplement to the petition filed by appellate counsel, Comstock claimed that it was error to have his habitual criminal adjudication decided by a judge rather than his trial jury. . . . . The district court rejected all the foregoing claims in its order denying relief in all respects. *In this appeal*, Comstock respectfully submits the district court erred *in denying his motion to suppress his statements and the claim regarding his right to a jury decide his habitual status.*
>
> 20. Issue on appeal. Whether the district court erred in denying Appellant's habeas claims *regarding suppression of statements and right to a jury determination of habitual criminal status?*

19 #18, Ex. 82, at electronic docketing page 4 (emphasis added). The fast track statement thereafter
20 presented legal argument only on the two claims. *Id.*, at electronic pages 5-11.

21    Clearly, the fast track statement did not fairly present any claims for adjudication by the
22 Supreme Court of Nevada other than the two claims "regarding suppression of statements and right to
23 a jury determination of habitual criminal status."

24    Petitioner further notes that his original proper person petition was part of the record on the post-
25 conviction appeal. The mere presence of the petition in the appendix on the Nevada state post-
26 conviction appeal did not exhaust the claims for a number of reasons. *First*, the fast track statement on
27 the post-conviction appeal did not incorporate claims in the *pro se* state petition by reference. The fast
28 track statement instead presented only the selected claims argued therein. *Second*, under Nevada state

1 practice, petitioner could not incorporate claims from materials in the appendix into the fast track
2 statement even if counsel had attempted to do so, which he did not. Under Rule 28(e)(2) of the Nevada
3 Rules of Appellate Procedure (NRAP), parties may not incorporate briefs or memoranda filed in the
4 state district court for argument on the merits of an appeal. *Third*, the provisions of NRAP 30(b)(2)(A)
5 and (3) require the inclusion of the district court pleadings in the appendix as a matter of course. The
6 mere presence of a pleading in an appendix on a Nevada appeal without any corresponding assertion
7 of a particular claim therein in the body of the appellate briefing thus does not imply, in and of itself,
8 any election by the appellant to present any particular claim or claims to the state supreme court.
9 Rather, the pleadings are present in the appendix simply because that is what Nevada appellate rules
10 require. Accordingly, the mere presence of the state petition in the appendix clearly did not place the
11 Supreme Court of Nevada on notice that any and all claims contained therein were presented on the
12 appeal.

13 Petitioner contends that he nonetheless exhausted the claims when he submitted *pro se* papers
14 to the Supreme Court of Nevada during the represented appeal reflecting his desire to pursue all of the
15 claims in the petition. He urges that NRAP 46(b) allows parties to file a proper person brief with leave
16 of the state supreme court. However, the Supreme Court of Nevada, in the exercise of its discretion,
17 clearly denied such leave in this case. #18, Ex. 84.[5]

18 Such rejected *pro se* filings by a represented defendant do not fairly present and exhaust any
19 claim. Even on direct appeal, a represented defendant has no right to have *pro se* filings considered
20 because a criminal defendant has no constitutional right to both self-representation and the assistance
21 of counsel in the same proceeding. *See, e.g., United States v. Bergman*, 813 F.2d 1027, 1030 (9th

---

[5] Petitioner suggests that the state supreme court interpreted the requests as "motions to proceed in proper person on appeal." The state supreme court order quite clearly did not misapprehend what petitioner was seeking. The court referred to his motions also as "proper person motions requesting permission to submit documents in this appeal in proper person." The court further stated that he "specifically seeks to file a copy of his writ petition for review on appeal because he asserts that, despite his requests to counsel, his counsel has failed to raise numerous grounds on appeal." The state supreme court clearly understood what petitioner was seeking to do – to raise claims on the appeal that his counsel had declined to raise. The court simply denied petitioner leave to do so. As discussed in the text, *infra*, a petitioner has no right to have the state supreme court consider *pro se* claims that his counsel declines to pursue. As will be reiterated in the text, if the state supreme court denied petitioner leave to raise additional claims *pro se*, then the claims were not pending for decision before that court on the appeal.

Cir.1987); *United States v. Halbert*, 640 F.2d 1000, 1009 (9th Cir.1981). Moreover, a criminal defendant has no right of self-representation on direct appeal. *Martinez v. Court of Appeal of California*, 528 U.S. 152 (2000). It further is established law that appellate counsel is not required to raise every non-frivolous ground that petitioner wanted to raise on direct appeal. *See Jones v. Barnes*, 463 U.S. 745 (1983). These conclusions apply with even greater force with regard to a state post-conviction appeal.

Petitioner had no right to have his *pro se* papers and claims considered on the merits on the represented appeal, and he further had no right to insist that his appellate counsel follow his directions as to the issues to be raised and the manner in which they were to be raised on appeal. His *pro se* submissions in the represented appeal did not exhaust any claims, and none of the claims that he wished to assert in the *pro se* submissions were before that court on the appeal for a decision on the merits. If a petitioner wishes to pursue claims that his state post-conviction counsel declined to pursue, he must do as petitioner ultimately did here and pursue further state post-conviction remedies to exhaust the claims. However, a petitioner's *pro se* request on a represented appeal to pursue claims that his counsel did not pursue does not in and of itself exhaust claims.[6]

Petitioner further urges that "[t]he Nevada Supreme did not purport to default these grounds" on the appeal such that the claims must be deemed to have been adjudicated on the merits under the plain statement rule in *Harris v. Reed*, 489 U.S. 255 (1989). Petitioner confuses procedural default with exhaustion. The Supreme Court of Nevada did not apply a procedural default rule to the claims that petitioner wished to pursue *pro se* because only the claims raised by counsel were before the court on the appeal. Under well-established law, petitioner had no right to compel the consideration of claims

---

[6]Nothing in the cases relied upon by petitioner is to the contrary of the more apposite cases cited in the text. In *Johnson v. Williams*, 133 S.Ct. 1088 (2013), the Supreme Court held that *when a federal claim has been presented to a state court*, there is a rebuttable presumption that the claim was decided on the merits, even if not explicitly discussed. The claim first must be fairly presented and exhausted, however. A *pro se* request to pursue claims that are not raised by counsel on a represented appeal does not exhaust claims. Petitioner further cites *Blandino v. State*, 112 Nev. 352, 914 P.2d 624 (1996), for a purported holding that a represented defendant has a "right" to move the state supreme court for leave to allow *pro se* filings. While the Supreme Court of Nevada noted that the defendant retained a right to move for leave to file *pro se* submissions under NRAP 46(b), nothing in the opinion stated that the defendant had an unqualified right to have such a motion granted in all cases. Rather, the Supreme Court of Nevada *holding* in *Blandino* reaffirmed that a represented defendant had neither a statutory right to self-representation on appeal nor a constitutional right to proceed in proper person on the appeal. *Blandino* reaffirms, rather than detracts from, the points discussed in the text.

on the represented appeal that his counsel did not raise. Given the state supreme court's denial of petitioner's request for leave to present the claims following his counsel's refusal to do so, the claims simply were not before the court for disposition on that appeal.

Grounds 3(b) and 3(d) therefore were not exhausted on the first state post-conviction appeal.

***Cause and Prejudice***

On the second state post-conviction appeal, the Supreme Court of Nevada held that the second state petition was properly dismissed both because it was successive under N.R.S. 34.810(2) and untimely under N.R.S.34.726(1).[7]

Petitioner contends that he can establish cause based upon state post-conviction counsel's refusal to pursue the claims on the first state post-conviction appeal and the state supreme court's denial of his *pro se* request to submit the claims that his counsel opted to not pursue.[8]

Petitioner relies upon a number of decisions regarding pursuit of claims by counsel and/or *pro se* litigants, which are discussed or noted *infra*. Notably, however, petitioner completely ignores in his opposition the one controlling case that most directly addresses an attempt to establish cause and prejudice based upon a failure of state post-conviction counsel to raise claims. That decision is *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), decided a year prior to petitioner's opposition.

---

[7]Petitioner maintains that he does not concede that these state procedural bars constitute independent and adequate state law grounds for purposes of the federal procedural default doctrine. However, he articulates no argument apposite to this case that they are not. Petitioner notes that Nevada state law recognizes exceptions to the procedural bars closely correlating to the "cause and prejudice" and "actual innocence" bases for overcoming a procedural default under federal law. He suggests that the question of the adequacy of the state procedural bars is closely related to the question of whether he can overcome the procedural default on a showing of cause and prejudice or actual innocence. Petitioner conflates distinct issues. The fact that state law recognizes such exceptions where the bar first is applicable has nothing to do with whether the bars constitute an independent and adequate state law ground. *E.g., Bargas v. Burns*, 179 F.3d 1207, 1214 (9th Cir. 1999). While respondents have the ultimate burden of proof on the issue, "[o]nce the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner." *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003). Petitioner has not done so here with respect to whether the bars constitute independent and adequate state law grounds. When a party has the burden to place a defense at issue, he does not do so merely by "not conceding" the issue. He instead must affirmatively place the defense at issue with apposite argument. Petitioner has not done so here.

[8]Petitioner refers also to his displeasure with counsel's services and alleged lack of communication in the state district court. However, the claims nonetheless were presented to the state district court. The reason why the claims were not exhausted in the first state post-conviction was because they were not pursued by counsel on the state post-conviction appeal.

Petitioner ignores *Martinez* with good reason. *Martinez* reaffirms the general rule established in *Coleman v. Thompson*, 501 U.S. 722 (1991), that cause and prejudice may not be established based upon a failure of state post-conviction counsel to raise claims, subject only to a narrow exception to that general rule carved out in *Martinez*. That narrow exception allows a petitioner to establish cause and prejudice based upon alleged ineffective or inadequate assistance of state post-conviction counsel in the *initial-review collateral proceeding* in failing to raise claims of ineffective assistance of trial counsel. 132 S.Ct. at 1320. Petitioner clearly cannot satisfy the narrow exception allowed in *Martinez* because the failure in question was the failure of counsel to raise the issue on the state post-conviction *appeal*. A state post-conviction appeal is not an initial collateral review proceeding. 132 S.Ct. at 1316. This case thus is subject to the established general rule in *Coleman* that alleged ineffective assistance of state post-conviction counsel cannot provide a basis for a showing of cause and prejudice.[9]

Petitioner instead relies on *Maples v. Thomas*, 132 S.Ct. 912 (2012), but that decision is far afield from this case. In *Maples*, the Court held that cause existed for the procedural default of the capital defendant's claims. The Court held that cause existed because petitioner's large-firm *pro bono* state post-conviction counsel abandoned him by failing to provide notice of their change of address after leaving the firm, resulting in his failure to timely appeal the denial of his state post-conviction petition. In this case, in contrast, counsel did not completely fail to represent petitioner, and counsel pursued claims on the state post-conviction appeal. He just did not pursue all of the claims that petitioner wanted him to pursue. While the Federal Public Defender in numerous cases has sought to characterize a wide array of perceived deficiencies as "abandonment" since *Maples*, the decision has nowhere near the reach sought. *Maples* does not provide a basis for a showing of cause when the lay petitioner does not agree with his counsel as to appellate claims to be pursued and is not satisfied with the level of communication from counsel. Disagreement over the claims to be pursued and dissatisfaction with communication regarding issues to be raised does not equate to abandonment under *Maples*.

---

[9]Moreover, the substantive claim in Ground 2 and the claim of ineffective assistance of direct appeal counsel included within Ground 3(b) would not benefit from the narrow exception in *Martinez* and thus instead would be subject to the general rule of *Coleman*. However, the fact that the failure to raise the claims occurred on the post-conviction appeal, as discussed in the text, cuts across all claims, including the claims for ineffective assistance of trial counsel as well.

*Martinez* and *Coleman*, again, instead are the apposite citations where the petitioner seeks to establish cause and prejudice based upon state post-conviction counsel's failure to pursue a claim on a state post-conviction appeal. *Martinez* reaffirmed the direct holding of *Coleman* that a failure of state post-conviction counsel to raise a particular claim on a state post-conviction appeal does not provide a basis for cause.[10]

Petitioner otherwise seeks to establish cause based upon his improperly being denied leave to file additional claims *pro se* on the state post-conviction appeal. He maintains that *Blandino v. State*, 112 Nev. 252, 914 P.2d 624 (1996), establishes that his request was "in accordance with state law, which allows appellants to file their own pleadings in proper person by leave of court." #29, at 10. However, as the Court noted previously, *Blandino* reaffirmed that a represented defendant had neither a statutory right to self-representation on appeal nor a constitutional right to proceed in proper person on the appeal.[11] Petitioner further relies upon *Martinez v. Court of Appeal of California*, *supra*, for the proposition that state courts must protect the ability of indigent litigants to file *pro se*. Petitioner,

---

[10]See also note 9, *supra*, regarding the range of claims as to which cause and prejudice may be established under the *Martinez* exception.

Petitioner's remaining citations seeking to establish cause based upon alleged deficiencies by post-conviction counsel also stray wide of the mark.

In *Holland v. Florida*, 560 U.S. 631 (2010), the Supreme Court held that equitable tolling potentially was available to overcome the federal time-bar where counsel completely failed to file a federal habeas petition timely through more than ordinary negligence. Comstock's state post-conviction counsel filed and ultimately pursued the state post-conviction appeal, but he did not raise all of the claims therein that the lay petitioner wished to raise. *Holland* does not hold that all instances of lack of communication by an attorney in all contexts overcomes all procedural bars.

In *Manning v. Foster*, 224 F.3d 1129 (9th Cir. 2000), defense counsel, operating under a conflict of interest, caused the petitioner to fail to file a timely state post-conviction petition through improper advice as to his available remedies. Petitioner identifies no such conflict of interest here where state post-conviction counsel had a conflict of interest based upon not wanting to challenge his own performance as trial or direct appeal counsel. Lay petitioners often refer in error to there being a "conflict of interest" when their counsel does not wish to raise claims that they wish to raise. However, that quite clearly is not a conflict of interest in any true legal sense of the phrase and is not the situation to which *Manning* is directed.

Petitioner's effort to cast these cases as holding that in the circumstances presented here the actions of state post-conviction appellate counsel "cannot be fairly attributed" to Comstock seeks to extend wholly inapposite cases to a situation that the apposite decisions in *Martinez* and *Coleman* instead directly govern.

[11]See note 6, *supra*.

-11-

1 however, was represented on the state post-conviction appeal, by counsel who raised claims, just not
2 all the claims that the lay petitioner wished to raise. As discussed previously, this *Martinez* case
3 reaffirms that a criminal defendant has no right of self-representation on direct appeal, a holding that
4 applies with even greater force on a state post-conviction appeal. The California state case to which
5 the Supreme Court cited regarding the ability of litigants to file *pro se* discussed such filings in the
6 circumstance of counsel having been allowed to withdraw. See 528 U.S. at 164 (and authority
7 discussed therein). The state and federal decisions upon which petitioner relies in truth reject rather
8 than support his premise that he improperly was denied a right to raise claims *pro se* on an appeal on
9 which he was represented by counsel.

10 In sum, a disagreement between petitioner and his counsel as to what claims to pursue on a state
11 post-conviction appeal and his inability to then raise the claims *pro se* does not establish cause to
12 overcome a procedural default. Rather, state post-conviction counsel not pursuing a claim establishes
13 cause only in the narrow circumstances and as to the narrow range of claims recognized in *Martinez v.*
14 *Ryan, supra*. To date, the cause and prejudice exception to the procedural default doctrine has not been
15 interpreted in a manner that would shunt to the federal courts all of the lay claims that state post-
16 conviction counsel opts to not pursue on a state post-conviction appeal, for then a *de novo* federal
17 review as to claims not previously considered on the merits by the state courts.

18 Given that petitioner has not established cause, the Court does not address the prejudice
19 requirement. Both cause and prejudice must be established. *Murray*, 477 U.S. at 494.

20 ***Actual Innocence***

21 The Court will defer consideration of the issue of whether petitioner can satisfy the *Schlup* actual
22 innocence gateway until it addresses the merits of the remaining grounds in the context of the full state
23 court trial record. Petitioner alleges in the exhausted and non-defaulted Ground 1 that he was denied
24 due process and a fair trial because the State allegedly concealed exculpatory evidence. Petitioner relies
25 upon all or part of the same evidence on this *Brady* claim in seeking to satisfy the *Schlup* actual
26 innocence gateway. The Court therefore will consider the actual-innocence issue with respect to the
27 procedural-default defense as to Grounds 2, 3(b) and 3(d) when it considers the merits of, *inter alia*,
28 Ground 1. As discussed below, however, it is unable to complete its review of the case at present.

1    The Court therefore will grant in part and deny in part the present motion to dismiss, rejecting petitioner's other arguments seeking to overcome the procedural default but denying the motion without prejudice until the Court examines the merits of the remaining claims. The Court notes in this regard that an answer and reply on the merits already are on file.

*Request for Expedited Review*

The Court will grant petitioner's motion for expedited review in part to the extent that the Court will endeavor to fully resolve all issues in this case within 90 days, if possible. The Court understands both that petitioner will be eligible for parole relatively soon and that the case potentially presents substantial claims. However, as the Court has informed petitioner's counsel on a similar motion in another case,[12] the Court has been proceeding with both a judicial officer shortage and staff reductions. The Court understands the exigencies particular to petitioner's case, but it has been unable to fully resolve the matter more promptly. The Court will endeavor to do so within the next 90 days, but it is unable to unequivocally guarantee that it will be able to both reach and resolve the remaining issues in the case within that time frame. It will strive to do so, however.

IT THEREFORE IS ORDERED that petitioner's motion (#28) to dismiss is GRANTED IN PART and DENIED IN PART. The Court grants the motion to the extent that the Court holds that Grounds 2, 3(b), and 3(d) are procedurally defaulted subject only to a sufficient demonstration of actual innocence. The Court denies the motion without prejudice to the extent that it withholds any dismissal of the claims on the basis of procedural default until after a review of petitioner's claim of actual innocence in connection with a review of the remaining grounds presented on the merits.

IT FURTHER IS ORDERED that petitioner's motion (#26) for expedited review is GRANTED IN PART such that the Court will endeavor to resolve all issues in this case within 90 days, if possible.

DATED this 30th day of September, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[12]*Lewis v. Palmer*, No. 3:09-cv-00741-LRH-WGC, #34 (D. Nev. June 25, 2013).

-13-